UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No.  5:22-cv-02553-EJD <br><br> **ORDER GRANTING APPLE'S UNOPPOSED MOTION TO STAY PENDING INTER PARTES REVIEW** <br><br> Re: Dkt. Nos. 119, 145 |

Before the Court is Defendant Apple Inc's ("Apple") unopposed motion to stay pending *inter partes* review.  Dkt. No. 45.  For the reasons discussed herein, the motion is **GRANTED**.

This patent infringement action concerns two patents at issue, U.S. Patent Nos. 9,665,705 ("'705 Patent") and 8,620,039 ("'039 Patent"), asserted by Plaintiff CPC Patent Technology Pty Ltd. ("CPC") against Apple's Touch ID and Face ID functions.  *See* Compl., Dkt. No. 1.  The invention of the '705 Patent provides for enrollment in a biometric security system where the user's biometric data is securely stored and can be used to unlock the device, and invention of the '039 Patent concerns smart card device security using biometric data.  Dkt. No. 145 at 1.  Apple petitioned the Patent Trial and Appeal Board ("PTAB") to institute *inter partes* review ("IPR") of the '705 Patent and the '039 Patent on February 23, 2022.

On June 14, 2022, Defendant Apple filed two motions: (i) a motion to stay pending IPR (Dkt. No. 119) along with (ii) an administrative motion to stay briefing on CPC's summary judgment motion, or, in the alternative, to expedite Apple's stay motion (Dkt. No. 120).  The Court granted Apple's administrative motion, staying the briefing on Plaintiff CPC's summary judgment motion and shortening the time on Apple' stay motion which it heard on August 29,

Case No.: 5:22-cv-02553-EJD
ORDER GRANTING APPLE'S UNOPPOSED MOT. TO STAY PENDING IPR
1

1   2022.  Dkt. No. 125.  The Court subsequently further stayed this action until November 17, 2022
2   after the parties informed the Court that institution decisions were expected on both patents by
3   November.  *See* Dkt. Nos. 119 at 2; 142.  The '705 Patent and the '039 Patent were instituted by
4   the PTAB on September 28, 2022 and October 17, 2022 respectively.  Dkt. Nos. 145-2, 145-3.

On November 7, Apple filed the instant unopposed motion to stay pending final resolution of the *inter partes* review now before the Court.  Dkt. No. 145.  The unopposed motion asks this Court to keep this action stayed until the PTAB issues final written decisions for both IPR proceedings related to the '705 and '039 patents.  *Id.*

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  *Microsoft Corp. v. TiVo Inc.*, No. 10-CV-00240-LHK, 2011 WL 1748428, at *3 (N.D. Cal. May 6, 2011); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).  Courts "examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *PersonalWeb Tech., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted).

All three factors weigh in favor of granting a stay.  First, the case is already stayed, and no discovery has occurred since its issuance.  The Court ordered a stay pending IPR institution decisions which the PTAB granted.  Before the stay was issued the case was recently transferred from another district, the Court has not issued a scheduling order, the parties have engaged in limited discovery (fact discovery is incomplete, and expert discovery has not begun), and a trial date has not been set.  Dkt. No. 119 at 4–6; *Pi–Net Int'l, Inc. v. Focus Bus. Bank*, No. 12-CV-04958-PSG, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013) (granting stay where a trial date was scheduled but significant discovery remained).

Second, a stay would undoubtedly simplify the issues and avoid duplicative effort because the PTAB instituted IPR of all the asserted claims of the two asserted patents at issue.  "If either of

Case No.: 5:22-cv-02553-EJD
ORDER GRANTING APPLE'S UNOPPOSED MOT. TO STAY PENDING IPR

Apple's IPRs are successful, some or all of CPC's asserted claims will be found invalid." Dkt. No. 145 at 4; *Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*, No. 5:20-CV-05501-EJD, 2021 WL 1893142, at *1 (N.D. Cal. May 11, 2021) ("[A] stay pending the PTAB's decision on whether to institute IPR petitions will promote efficiency by avoiding the expenditure of limited judicial resources between now and when the last PTAB institution decision will be rendered."); *see also Finjan, Inc. v. Symantec Corp.*, 139 F.Supp.3d 1032, 1037 (N.D. Cal. 2015) ("Were the Court to deny the stay until a decision on institution is made, the parties and the Court would expend significant resources on issues that could eventually be mooted by the IPR decision.").

Finally, the lack of undue influence also favors a stay. Here, Apple's motion is unopposed and both parties agree that a stay is appropriate under these circumstances. Dkt. No. 145 at 1 ("CPC does not oppose this Motion to the extent it requests that the Court stay this action until the PTAB issues final written decisions for both IPR proceedings."). There is no risk of an indefinite stay, either, because the stay will remain in place only until the PTAB issues final written decisions between September and October 2023. Should either party wish to stay this action through final resolution of any appeals related to the IPR petitions the parties may revisit the scope of the stay at a later date.

Accordingly, the Court **GRANTS** Apple's motion to further stay the present action in its entirety pending final resolution of Apple's IPRs related to the '705 and '039 Patents. All pending motions are terminated for administrative purposes only, and without prejudice to renew the motions after the stay is lifted.

**IT IS SO ORDERED.**

Dated: November 10, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-02553-EJD
ORDER GRANTING APPLE'S UNOPPOSED MOT. TO STAY PENDING IPR
3