Seth M. Sproul (CA SBN 217711); *sproul@fr.com*
Joy B. Kete (CA SBN 355859); *kete@fr.com*
Jeffrey H. Burton (CA SBN 328305); *burton@fr.com*
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

Benjamin C. Elacqua (*Pro Hac Vice* forthcoming); *elacqua@fr.com*
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 90067
Telephone:  (713) 654-5300
Facsimile:   (713) 652-0109

Attorneys for Defendant,
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 3:22-cv-02553-RFL <br><br> **DEFENDANT APPLE INC.'S STATUS REPORT REGARDING ITS *INTER PARTES* REVIEW PROCEEDINGS** |

Defendant Apple Inc. submits this status report pursuant to the Court's May 22, 2025 Order ("Order"), in which the Court maintained the stay of this case. Dkt. No. 161. The Court directed Apple to "file an updated status report regarding its IPRs . . . every 90 days" and "within thirty (30) days of the Federal Circuit's resolution of the appeals." *Id.* As detailed below, the Federal Circuit has affirmed the PTAB's decisions that all asserted claims of the two remaining asserted patents are unpatentable. No further appeal is available for the '705 patent and that decision is final. With respect to the '039 patent, CPC may seek reconsideration at the Federal Circuit or petition for *certiorari* to the Supreme Court within 90 days from the entry of judgment.

The Patent Trial and Appeal Board ("PTAB") issued final written decisions regarding Apple's IPR petitions challenging U.S. Patent No. 9,665,705 ("'705 patent") and U.S. Patent No. 8,620,039 ("'039 patent"). The '705 and '039 patents are the two remaining patents at issue in this case.[1] CPC currently asserts claims 1, 10, 11, and 15-17 of the '705 patent. CPC currently asserts claim 1 of the '039 patent.

On September 27, 2023, the PTAB issued a final written decision invalidating every challenged claim of the '705 patent, including asserted claims 1, 10, 11, and 15-17. Dkt. No. 152, Ex. A ('705 Patent Final Written Decision) at 3.[2] On October 13, 2023, the PTAB issued a final written decision invalidating every challenged claim of the '039 patent, including asserted claim 1. *Id.*, Ex. B ('039 Patent Final Written Decision) at 2. Thus, the PTAB found all asserted claims of the two remaining asserted patents in this case unpatentable.

On October 4, 2023, CPC moved for a director review of the PTAB's final written decision regarding the '705 patent. *Id.*, Ex. C ('705 Patent Owner's Request for Director Review). On November 3, 2023, CPC moved for a director review of the PTAB's final written decision regarding the '039 patent. *Id.,* Ex. D ('039 Patent Owner's Request for Director Review). On November 6,

---

[1] CPC originally asserted claims 1, 2, 4, 6, 9-12, and 14-17 of the '705 patent; claims 1, 13, and 19 of the '039 patent; and claims 1, 2, 9, 10, 11, and 13 of U.S. Patent No. 9,269,208 ("'208 patent"). *See, e.g.,* Dkt. No. 34, Ex. A at 3-5. However, CPC later narrowed its asserted claims and withdrew all claims of the '208 patent. *See* Dkt. No. 80 at 1; Dkt. No. 119, Ex. A at 2.

[2] The PTAB also invalidated all challenged and formerly asserted claims in the '208 patent in a final written decision on September 27, 2023. IPR 2022-00601, Paper No. 31.

2023, the director denied Patent Owner's Request for Director Review for the '705 patent. *Id.*, Ex. E ('705 Patent Director Review Denial). On November 21, 2023, the director denied Patent Owner's Request for Director Review for the '039 patent. *Id.*, Ex. F ('039 Patent Director Review Denial).

On December 5, 2023, CPC filed a request for rehearing of the director's prior denial of its request for director review. Dkt No. 155, Ex. A, IPR 2022-00602, Paper No. 36 ('705 Patent Owner's Request for Rehearing of Director's Denial). On January 8, 2024, the PTAB dismissed CPC's request because "[a] party may not file a request for rehearing of the Director's decision to deny Director Review." *Id.,* Ex. B, IPR 2022-00602, Paper No. 37 ('705 Patent Rehearing Request Denial).

On December 18, 2023, CPC filed a patent owner's notice of appeal to the Federal Circuit regarding the PTAB's final written decision related to the '039 patent. *Id.,* Ex. C, IPR 2022-00600, Paper No. 25 ('039 Patent Owner's Notice of Appeal).[3] On January 8, 2024, CPC filed a patent owner's notice of appeal to the Federal Circuit regarding the PTAB's final written decision related to the '705 patent. *Id.,* Ex. D, IPR 2022-00602, Paper No. 38 ('705 Patent Owner's Notice of Appeal).

On April 22, 2024, CPC filed its opening brief in its appeal relating to the '705 patent,[4] and on April 23, 2024, CPC filed a corrected opening brief. *Id.*, Ex. E (CPC's Corrected Opening Brief*, CPC Patent Technologies Pty Ltd. v. Apple Inc.*, No. 24-1278, Dkt. No. 16 (Fed. Cir. April 23, 2024)). On April 29, 2024, CPC filed its opening brief in its appeal relating to the '039 patent. *Id.*, Ex. F (CPC's Opening Brief*, CPC Patent Technologies Pty Ltd. v. Apple Inc.*, No. 24-1365, Dkt. No. 13 (Fed. Cir. April 29, 2024)).

---

[3] On December 18, 2023, CPC also filed a patent owner's notice of appeal to the Federal Circuit regarding the PTAB's final written decision related to the '208 patent. IPR 2022-00601, Paper No. 34 ('208 Patent Owner's Notice of Appeal).

[4] On January 25, 2024, the Federal Circuit consolidated the appeals relating to the '705 patent (No. 24-1354) and the '208 patent (No. 24-1278). *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, No. 24-1278, Dkt. Nos. 10-11 (Fed. Cir. January 25, 2024) (consolidating case numbers 24-1354 and 24-1278 and making 24-1278 the lead case).

On July 3, 2024, Apple filed its response brief in its appeal relating to the '705 patent. Dkt. No. 160, Ex. A (Apple's Response Brief, *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, No. 24-1278, Dkt. No. 20 (Fed. Cir. July 3, 2024)). On July 10, 2024, Apple filed its response brief in its appeal relating to the '039 patent. *Id.*. Ex. B (Apple's Response Brief, *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, No. 24-1365, Dkt. No. 17 (Fed. Cir. July 10, 2024)).

On July 24, 2024, CPC filed its reply brief in its appeal relating to the '705 patent. *Id.*, Ex. C (CPC's Reply Brief, *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, No. 24-1278, Dkt. No. 21 (Fed. Cir. July 24, 2024)). On July 31, 2024, CPC filed its reply brief in its appeal relating to the '039 patent. *Id.*, Ex. D (CPC's Reply Brief, *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, No. 24-1365, Dkt. No. 23 (Fed. Cir. July 31, 2024)).

On August 4, 2025, the Federal Circuit heard oral argument in the appeal relating to the '705 patent. On August 7, 2025, the Federal Circuit entered judgment affirming the decision below that all challenged claims of the '705 patent are unpatentable, including the claims asserted in this case. Dkt. No. 162, Ex. A (Judgment, *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, No. 24-1278, Dkt. No. 40 (Fed. Cir. Aug. 7, 2025)).[5] On August 8, 2025, the Federal Circuit heard oral argument in the appeal relating to the '039 patent. *See, e.g.*, *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, No. 24-1365, Dkt. No. 35 (Fed. Cir. Aug. 8, 2025). On September 26, 2025, CPC filed a petition for *certiorari* to the Supreme Court, and on November 10, 2025, the Supreme Court denied that petition. *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, cert. denied, No. 25-375 (U.S. Nov. 10, 2025). The decision on the '705 patent finding the claims unpatentable is now final and unreviewable. Apple submits that CPC's claims for infringement of the '705 patent should be dismissed with prejudice. *See, e.g., Cellspin Soft, Inc. v. Panasonic Corporation of North America*, No. 17-cv-05941-YGR, Dkt. Nos. 115-17 (N.D. Cal.).

On November 10, 2025, the Federal Circuit entered judgment affirming the decision below that all challenged claims of the '039 patent are unpatentable, including the claim asserted in this

---

[5] The Federal Circuit also affirmed the PTAB's decision that all challenged and formerly asserted claims of the '208 patent are unpatentable.

DEFENDANT APPLE INC.'S STATUS REPORT
REGARDING ITS *INTER PARTES*
REVIEW PROCEEDINGS
Case No. 3:22-cv-02553-RFL

case.  Sproul Decl., Ex. A (Judgment, *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, 24-1365, Dkt. No. 37 (Fed. Cir. Nov. 10, 2025)).  Thus, the Federal Circuit affirmed the PTAB's decisions that all asserted claims of the two remaining asserted patents in this case are unpatentable.

Should CPC petition the Supreme Court for review of the '039 decision, it will have 90 days from the entry of judgment to do so.  If CPC does not petition for reconsideration before the Federal Circuit or *certiorari* before the Supreme Court, then the decision finding the asserted claims unpatentable becomes final.  Apple submits that this case should be dismissed with prejudice at that time.

Dated:  November 18, 2025                    FISH & RICHARDSON P.C.


                                             By:  /s/ *Seth M. Sproul*
                                                  Seth M. Sproul
                                             Attorneys for Defendant
                                             APPLE INC.

DEFENDANT APPLE INC.'S STATUS REPORT
REGARDING ITS *INTER PARTES*
REVIEW PROCEEDINGS
Case No. 3:22-cv-02553-RFL