Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

George C. Summerfield (*Pro Hac Vice*)
george.summerfield@klgates.com
**K&L GATES LLP**
Suite 3708, Park Place
1601 Nanjing Road West
Jing An District, Shanghai 200040
Telephone: +86 21.2211.2051

James A. Shimota (*Pro Hac Vice*)
jim.shimota@klgates.com
Melissa M. Haulcomb
(*Pro Hac Vice* application forthcoming)
melissa.haulcomb@klgates.com
**K&L GATES LLP**
70 West Madison Street, STE 3100
Chicago, Illinois 60602
Telephone: 312.807.4376
Facsimile: 312.827.8000

Attorneys for Plaintiff CPC Patent
Technologies PTY Ltd.

# UNITED STATES DISTRICT COURT FOR
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC. <br><br> Defendant. | Case No. 3:22-cv-02553-RFL <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S STATUS REPORT REGARDING ITS *INTER PARTES* REVIEW PROCEEDINGS** |

## I.   Introduction

In its most recent status report, Defendant Apple, Inc. ("Apple"), suggested that this Court dismiss the claim for infringement of U.S. Patent No. 9,665,705 ("the '705 Patent") now that the various *inter partes* review ("IPR") proceedings for that patent are finalized.  However, Apple neglected to inform that Court that claims from those patents survived the IPR proceedings, including claim 9.  CPC originally asserted claim 9 against Apple, having provided preliminary infringement contentions thereon.  Apple, for its part, provided extensive preliminary invalidity contentions for claim 9. Claim 9 was also the subject of a claim construction ruling before this matter was transferred to this Court.

Apple also communicated its intent to seek dismissal of the claim of infringement of U.S. Patent No. 8,620,039 ("the '039 Patent") once the appeals from the IPRs of that patent have been exhausted.  Again, claims of the '039 Patent also survived the IPR proceedings, including claim 13, which CPC also originally asserted against Apple.  As such, that claim was also the subject of preliminary infringement and invalidity contentions, as well as claim construction.

In light of the foregoing, there is good cause for allowing an amendment to CPC's final infringement contentions when the stay is lifted in this matter, and for resisting Apple's suggestion to dismiss CPC's infringement claims.  This good cause is contrasted with an absence of any prejudice to Apple, which is already familiar with the subject claims.  Consequently, this motion should be granted.

## II.   Discussion

### A.   Factual Background

#### 1.   This Litigation

CPC originally brought this case in the Western District of Texas[1] alleging infringement of the '705 and '039 Patents, and U.S. Patent No. 9,269,208.  ECF Docket

---

[1]  This matter was transferred to this Court on April 27, 2022.  ECF Docket No. 93.

-2-

No. 1, ¶ 1.  Among CPC's originally asserted claims were claim 9 of the '705 Patent and claim 13 of the '039 Patent.  *See* ECF Docket No. 163 at 1, n.1.  CPC's preliminary infringement contentions addressed those two claims.  *See* CPC Preliminary Infringement Contentions, Appx. A-3 [Ex. A]; and Appx. A-1 [Ex. B].  Thereafter, HMD served its preliminary invalidity contentions identifying no fewer than 26 references cumulatively that were directed to those two claims.[2]  *See* HMD Preliminary Invalidity Contentions, Appx. C1-C16 [Ex. C]; and Appx. A1-A10 [Ex. D].  After preliminary contentions, the Western District of Texas issued its claim construction rulings, which included constructions of terms in claim 9 of the '705 Patent and claim 13 of the '039 Patent.  ECF Docket No. 76.  Prior to filing its final infringement contentions, CPC filed a notice of asserted claims excluding those two claims. ECF Docket No. 80.  This Court stayed the matter on September 6, 2022.  ECF Docket No. 142.

### 2.    *Inter Partes* Reviews

### a.    The '705 Patent

ASSA Abloy AB, ASSA Abloy Inc., HID Global Corp., ASSA Abloy Global Solutions, Inc., and Master Lock Co., LLC (collectively "ASSA Abloy") filed an IPR petition challenging all claims of the '705 Patent.  *ASSA Abloy AB v. CPC Patent Technologies Pty Ltd.,* IPR2022-01006, Final Written Decision on Remand from Director's Review Determining No Challenged Claims Unpatentable (PTAB Aug. 13, 2024) [Ex. E] at 4.  The Patent Trial and Appeal Board ("PTAB") found that ASSA Abloy had "not shown by a preponderance of the evidence that any of claims 1–17 are unpatentable."  *Id.* at 100.  ASSA Abloy has appealed the PTAB's decision, and the matter is fully briefed.  *See ASSA Abloy AB v. CPC Patent Technologies Pty Ltd.,* App. No. 25-1078 (Fed. Cir.).

---

[2]  Apple's invalidity contentions also reference hundreds of possible prior art combinations that also allegedly invalidate the subject claims.  *See* Exs. C and D.

Separately, Apple filed an IPR petition challenging claims 1, 4, 6, 10–12, and 14–17 of the '705 Patent. *See* ECF Docket No. 163 at 2. The PTAB found all challenged claims in that proceeding to be unpatentable. *See id.* That decision was affirmed by the Federal Circuit, and the Supreme Court denied CPC's petition for *certiorari. See id.* at 3. None of these decisions impacted claim 9 of the '705 Patent, however.

### b.    The '039 Patent

Apple also successfully petitioned for *inter partes* review of claims 1, 2, 19, 20 of the '039 Patent. ECF Docket No. 163-1 at 60. That decision was affirmed by the Federal Circuit on November 10, 2025. ECF Docket No. 163 at 3–4. ASSA Abloy, for its part, filed two IPR petitions directed in the aggregate to all claims of the '039 Patent. *CPC Patent Technologies Pty Ltd. v. ASSA Abloy AB*, App. Nos. 2024-1492 & 2024-1493, 2025 WL 3134960 at *2 (Fed. Cir. Nov. 10, 2025). The PTAB found all claims invalid. *Id.* The Federal Circuit reversed the PTAB'S invalidity findings as to claims 3-18 and remanded to the PTAB for further proceedings.[3] *Id.* at *4. As a result, claim 13 of the '039 Patent has survived thus far.

### B.    Dismissal Would be Improper

As noted above, Apple has suggested that CPC's infringement claim for the '705 Patent should be dismissed now, and the infringement claim for the '039 Patent should be dismissed upon the exhaustion of all appeals related thereto. Given the afore-discussed claims that have survived *inter partes* review, however, such dismissal would be improper. Rather, in the likely event that claim 9 of the '705 Patent and claim 13 of the '039 Patent remain undisturbed in any remaining appeals, CPC should be allowed to amend its final infringement contentions to reintroduce those claims into the litigation.

---

[3] Relying on its decision in the *Apple* appeal, the Federal Circuit did not address claims 1, 2, 19, or 20 in the *ASSA Abloy* appeal. *CPC Patent Technologies,* 2025 WL 3134960 at *2.

Local Patent Rule 3-6 provides that an amendment of infringement contentions "may be made only by order of the Court upon a timely showing of good cause." The Rule's "good cause" standard, which requires a two-step inquiry: "'(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered.'" *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017) (quoting *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-1745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015)). In this case, the cert denial regarding the '705 Patent issued on November 10, 2025, and the Federal Circuit issued its rulings on the PTAB's various invalidity findings on the '039 Patent on the same day. CPC is making this submission less than two weeks after such rulings.[4]

After a party satisfies the "good cause" requirement, the court may grant leave to amend unless the amendment will prejudice the nonmoving party, which may be the case where "amending contentions stand to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876, 2016 WL 7386136 at *3 (N.D. Cal. Dec. 21, 2016). As noted above, the two claims at issue were originally asserted in this litigation, were included in the parties' original contentions, and were the subject of a claim construction ruling. Further, this case has been stayed for more than three years. *See* ECF Docket No. 142. Any contention amendments at this point could hardly be said to disrupt anything in this proceeding.

In addition to the foregoing, the results of the various IPRs comprise a legitimate basis for allowing amendments to Apple's infringement contentions. In *Universal Electronics, Inc. v. Roku, Inc.*, the court, collecting cases, found that the "weight of authority favor[ed] amendment" following an invalidity ruling of the United States Patent and Trademark Office, and any contrary authority is "a one-time anomaly" that does not outweigh that authority. *Universal Electronics, Inc. v. Roku, Inc.*, No. 8:18-

---

[4] CPC is not currently moving to amend its contentions, as the case remains stayed.

cv-01580-JVS-ADS, 2025 WL 2428473 at *9–10 (C.D. Cal. July 29, 2025). Those collected cases included the decision of this Court in *ZiLOG, Inc. v. Quicklogic Corp.*, granting leave to add a claim which was not previously asserted following the PTO's decision on re-examination. *ZiLOG, Inc. v. Quicklogic Corp.*, No. 03-cv-03725, 2006 WL 563057 at *1–2 (N.D. Cal. Mar. 6, 2006). In short, any suggestion by Apple that infringement claims should be dismissed at this point should be disregarded.

### C.    The Stay Should Remain Place

As noted above, there is a pending appeal in the *ASSA Abloy* matter regarding the '705 Patent. There will also be proceedings on remand in the *ASSA Abloy* matter regarding the '039 Patent. The resolution of those appeals will likely assist the Court in resolving the issues in this case, which, as Apple previously informed the Court, warrants a stay or proceedings. *See* ECF Docket No. 119.

## III.    Conclusion

For the foregoing reasons, this Court should reject any suggestion by Apple that CPC's infringement claims are amenable to dismissal.

Dated:  November 20, 2025

Respectfully submitted,

By: */s/ George C. Summerfield*

George C. Summerfield (*Pro Hac Vice*)
K&L GATES LLP


Attorneys for Plaintiff
CPC Patent Technologies PTY Ltd.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S STATUS REPORT REGARDING ITS *INTER PARTES* REVIEW PROCEEDINGS was served on November 20, 2025, via the Court's CM/ECF electronic filing system on all counsel of record who have consented to electronic service in the above captioned case.

*/s/ George C. Summerfield*
George C. Summerfield